UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MARYBETH RUNNELS,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS A. COLLINS, SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA,<br><br>Defendants. | 5:26-CV-05005-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND DEFENDANT'S PARTIAL MOTION TO DISMISS |

Plaintiff Marybeth Runnels filed this pro se lawsuit against Defendant Douglas A. Collins in his official capacity as the Secretary of the Department of Veteran Affairs alleging violations of the Privacy Act and the Rehabilitation Act and discrimination under Title VII of the Civil Rights Act. Doc. 1. Runnels filed a Motion to Appoint Counsel, Doc. 4. Defendant filed a Partial Motion to Dismiss, Doc. 10, seeking dismissal of the Privacy Act claim on statute of limitation grounds. Runnels with the use of artificial intelligence filed an Opposition to Defendant's Motion to Dismiss, with various attached exhibits, Docs. 12, 12-1; a Supplemental Brief in Opposition, Doc. 13; an Opposition to Defendant's After-Acquired Evidence Defense, Doc. 14; and a Supplemental Filing to clarify that she did not learn of the alleged Privacy Act violation until 2024, Doc. 15. For the reasons explained below, this Court denies Runnels's Motion to Appoint Counsel and denies Defendant's Partial Motion to Dismiss.

1

## I.   Background

Runnels was employed with the Department of Veteran Affairs (VA) apparently as a nurse. See Doc. 1; Doc. 12-1 at 1, 3.  The VA maintains systems of records containing Runnels's medical, personal and Equal Employment Opportunity (EEO) information.  Doc. 1 at 3.  As a part of these records, the VA had documentation regarding Runnels's disability and need for an accommodation.  Id.  Runnels alleges VA officials "accessed, disclosed, and used these records without consent and without valid routine use exception."  Id.  The VA allegedly failed to maintain accurate records, "resulting in adverse determinations" for Runnels.  Id.

Runnels engaged in protected EEO activity and protected activity under the Rehabilitation Act.  Id.  VA officials "had actual knowledge of this activity."  Id.  Runnels alleges that "[t]he VA retaliated against [her] through adverse actions, misuse of medical information, and failure to accommodate" and "taking materially adverse actions that would dissuade a reasonable employee from engaging in protected activity."  Id.

Runnels attached an exhibit to her Complaint providing the timeline of protected activities and retaliations.  Doc. 1-1.  On March 3, 2023, Runnels filed an EEO discrimination case and claims that four days later she was wrongfully denied leave under the Family and Medical Leave Act (FMLA).  Id. at 1.  On March 23, Runnels requested a reasonable accommodation.  Id.  On April 21, Runnels requested leave without pay, and on April 26, Vicky Rathert told Runnels that she must return to work because her FMLA leave was still being denied.  Id.  On April 27, Runnels's FMLA leave was "finally retroactively granted because she was eligible from the date she requested it."  Id.

On May 8, 2023, Runnels's "interim accommodation [was] recended [sic] because [the VA] backs out of further mediation and [Runnels] is told a new [reasonable accommodation]

2

request [would] have to be submitted." Id.  On May 16, Runnels's original reasonable accommodation request was closed, and she was informed a new request with "new medicals" was required. Id.  On May 26, Runnels requested leave without pay and applied for a reasonable accommodation. Id.  On June 8, Runnels's leave without pay was denied without any paperwork. Id.  On June 21, Runnels's reasonable accommodation request was "closed against medical documentations."[1] Id. at 2.

On August 10, 2023, Runnels was locked out of her laptop, and she reported her laptop stolen five days later. Id.  Runnels alleges that various VA employees disclosed Runnels's FMLA leave and reasonable accommodation information to others throughout October and November 2023. Id.  On November 16, Runnels filed an EEO retaliation case. Id.  On November 20, Runnels asked Privacy Officer Donnald Sheddon "to investigate [Runnels's] privacy violations." Id.  A week later, Sheddon replied to Runnels by telling her to take a HIPPA class. Id.  On November 28, "despite the conflicts of interests[,] the board [met]" to hear Runnels's EEO retaliation case. Id.  On November 30, Runnels was "terminated for not returning to duty as instructed by the [Return to Duty] Letters that were sent to Plaintiff while she was on FMLA [leave] and during the [reasonable accommodation] process." Id.

In opposing the motion to dismiss,[2] Runnels submits, in support of her Privacy Act Claim, that during an EEOC proceeding on May 13, 2024, Megan Wetsit, a VA employee, "produced

---

[1] Runnels states: "This is the end of the 3 month unreasonable delay in the accommodation process that resulted in failure to accommodate." Doc. 1-1 at 2.

[2] Courts "liberally construe pro se filings." Lamar v. Payne, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).  To that end, courts have considered factual allegations in a pro se plaintiff's response brief when ruling on a motion to dismiss. Neudecker v. Boisclair Corp., 351 F.3d 361, 362 (8th Cir. 2003) (per curiam); Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996); Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992) ("Because plaintiff is proceeding *pro se*, we treat facts set out in [plaintiff's opposition to

internal VA emails during her testimony[.]" Doc. 12 at 10. Runnels states, "[t]hese emails revealed, for the first time, that [Runnels's] confidential [reasonable accommodation]/FMLA records had been disclosed to and discussed among individuals and groups beyond the [s]ummary review board." Id. Runnels maintains that she did not learn of other disclosures until October 29, 2024, when the VA transmitted a Report of Investigation (ROI) to her. Doc. 15 at 1.

## II. Motion to Appoint Counsel

Runnels filed a Motion to Appoint Counsel, Doc. 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the [litigant's] ability to present [her] claims." Id. At this time, Runnels's claims do not appear to be complex, and she is able to investigate the facts and present her claims adequately. Runnels should have alleged more facts, including the 2024 disclosures, as the basis of her Privacy Act claim and should have sought to amend her complaint rather than filing four separate statements in opposition as a means of providing the basis for her Privacy Act claim. See Fed. R. Civ. P. 15(a)(1)(B), (a)(2). But this Court deems Runnels capable of pursuing her claims pro se at this phase of litigation, and her Motion to Appoint Counsel, Doc. 4, is denied at this time.

## III. Partial Motion to Dismiss

Defendant moves to dismiss Runnels's Privacy Act claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations on her claim has run. Doc. 11 at 1. To

---

defendant's motion to dismiss] as *de facto* amendments to the complaint."). Therefore, this Court will consider the factual allegations contained in Runnels's responses to Defendant's motion.

survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), "[c]ourts must accept a plaintiff's factual allegations as true" and construe all inferences in the plaintiff's favor "but need not accept a plaintiff's legal conclusions." Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). Although detailed factual allegations are unnecessary, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (cleaned up and citation omitted); see also Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011) ("As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself established the defense.") (cleaned up and citation omitted)).

Defendant contends that Runnels's Privacy Act claim is barred by a two-year statute of limitations, which began to run, at the latest, on November 20, 2023, when she asked Privacy Officer Donnald Sheddon to investigate privacy violations. Doc. 11 at 4. Since Runnels did not file her Complaint until January 22, 2026, Defendants assert that her claim is time-barred. Id. at

5

4–5. Straying from the limited contentions of her Complaint, Runnels counters by arguing that she did not discover the Privacy Act violations until May 13, 2024, "when EEOC witness Megan Wetsit produced internal VA emails during her EEOC testimony, revealing for the first time that [Runnels's] confidential [reasonable accommodation]/FMLA information had been disclosed to individuals beyond the [s]ummary review board." Doc. 12 at 5. Runnels further states that she was unaware of other disclosures until October 29, 2024, when she received the ROI from the VA. Doc. 15 at 1. Runnels contends that her Complaint was timely filed based upon these discoveries. Doc. 12 at 5; Doc. 15 at 2.

The Privacy Act "regulate[s] the collection, maintenance, use, and dissemination of information" about individuals by federal agencies. Doe v. Chao, 540 U.S. 614, 618 (2004). The Act prohibits disclosure of "any record which is contained in a system of records by any means of communication to any person, or to another agency," unless an exception applies. 5 U.S.C. § 552a(b). The Privacy Act provides an individual with a private right of action against an agency for certain violations of the Act, including improper disclosure claims. See id. § 552a(g)(1)(D). "Exhaustion of remedies is not required for damages suits under the Privacy Act." Shearson v. Holder, 865 F. Supp. 2d 850, 867 (N.D. Ohio 2011) (citing Diederich v. Dep't of Army, 878 F.2d 646, 647–48 (2d Cir. 1989)). The Privacy Act provides a two-year statute of limitations. 5 U.S.C. §552a(g)(5). Courts have interpreted this statute of limitations to "start[] to run when the plaintiff first knew or had reason to know of a violation." Davis v. Dep't of Just., 204 F.3d 723, 726 (7th Cir. 2000). See also Tijerina v. Walters, 821 F.2d 789, 797–98 (D.C. Cir. 1987); Bergman v. United States, 751 F.2d 314, 316 (10th Cir. 1984), cert denied, 474 U.S. 945 (1985); Green v. Westphal, 94 F. App'x 902, 904 (3d Cir. 2004). "Thus, the cause of action accrues when [a]

6

plaintiff 'knows or should have known' that a *particular agency* is in violation of the Act." Shearson, 865 F. Supp. 2d at 867 (emphasis in original).

Though her Complaint did not say so, Runnels makes clear in subsequent filings that the disclosures occurred via emails sent to various VA employees, none of which were sent to her. Runnels alleges that she did not become aware of these emails until Megan Wetsit's testimony during Runnels's EEOC proceedings in 2024. Doc. 12 at 5. Runnels alleges that she asked Privacy Officer Sheddon to investigate her privacy violations in November 2023—the point at which Defendant contends that the clock began to run for statute of limitation purposes—but Runnels's Complaint indicates that Sheddon did not produce any information for Runnels and instead told her to take a HIPPA class. Doc. 1-1 at 2. Thus, even if this Court cabins its ruling on the Partial Motion to Dismiss to the Complaint, it does not appear, or at least is unclear, that Runnels's inquiry of Sheddon in 2023 produced any information. Runnels's opposition establishes that there is at least some factual dispute on when Runnels became aware of the alleged Privacy Act violation, which makes a statute of limitations defense more proper for a summary judgment motion or trial. See Joyce, 635 F.3d at 367–68. Taking Runnels's factual allegations as true, it does not "appear[] from the face of the complaint itself that the limitation period has run." Varner, 371 F.3d at 1016 (citation omitted). Thus, this Court denies Defendant's Partial Motion to Dismiss.

## IV. Conclusion

For the reasons explained above, it is

ORDERED that Runnels's Motion to Appoint Counsel, Doc. 4, is denied. It is further

ORDERED that Defendant's Partial Motion to Dismiss, Doc. 10, is denied.

DATED this 26th day of June, 2026.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE