UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MARYBETH RUNNELS,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA,<br><br>Defendants. | 5:26-CV-05005-RAL<br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT |

Plaintiff Marybeth Runnels filed this pro se lawsuit against Defendant Douglas A. Collins in his official capacity as the Secretary of the Department of Veteran Affairs (the Secretary) alleging violations of the Privacy Act and the Rehabilitation Act, as well as discrimination under Title VII of the Civil Rights Act. Doc. 1. After this Court denied both Runnels's Motion to Appoint Counsel and the Secretary's Partial Motion to Dismiss, Runnels filed a Motion for Leave to Amend Complaint, Doc. 17. The Secretary opposes this motion. Doc. 19. For the reasons explained below, this Court grants Runnels's Motion for Leave to Amend in part.

## I. Background

Runnels was employed with the Department of Veteran Affairs (VA) apparently as a nurse. See Doc. 1; Doc. 12-1 at 2, 3. The VA maintains systems of records containing Runnels's medical, personal and Equal Employment Opportunity (EEO) information. Doc. 1 at 3. As a part of these records, the VA had documentation regarding Runnels's disability and need for an

accommodation. Id. Runnels alleges VA officials "accessed, disclosed, and used these records without consent and without valid routine use exception," and that the VA allegedly failed to maintain accurate records, "resulting in adverse determinations" for Runnels. Id. Runnels also alleges the VA had knowledge of her engagement in protected EEO activity and protected activity under the Rehabilitation Act. Id. Runnels states "[t]he VA retaliated against [her] through adverse actions, misuse of medical information, and failure to accommodate" and "taking materially adverse actions that would dissuade a reasonable employee from engaging in protected activity." Id.

Runnels's original Complaint stated the above-mentioned claims without expanding greatly on the factual allegations that form the basis of such claims. See id. Runnels did, however, attach an exhibit to her Complaint providing a timeline of protected activities and alleged retaliations. Doc. 1-1. The timeline alleges that Runnels filed an EEO discrimination case, the VA wrongfully and repeatedly denied Runnels leave under the Family and Medical Leave Act (FMLA), Runnels requested a reasonable accommodation, the VA rescinded Runnels's accommodation and closed her reasonable accommodation request, the VA disclosed Runnels's FMLA leave and reasonable accommodation information to others, Runnels filed a EEO retaliation case, and a privacy officer told Runnels to take a HIPPA class after being asked to investigate Runnels's privacy claims. Id. Runnels was eventually terminated. Id. Shortly after filing the Complaint, Runnels filed a Motion to Appoint Counsel. Doc. 4.

In response to Runnels's Complaint, the Secretary filed an Answer, Doc. 9, and a Partial Motion to Dismiss, Doc. 10, seeking dismissal of the Privacy Act claim on statute of limitations grounds. In opposition to the motion, Runnels, with the use of artificial intelligence, filed four responsive pleadings: (1) an Opposition with various attached exhibits, Docs. 12, 12-1; (2) a

Supplemental Brief in Opposition, Doc. 13; (3) an Opposition to Defendant's After-Acquired Evidence Defense, Doc. 14; and (4) a Supplemental Filing to clarify that she did not learn of the alleged Privacy Act violation until 2024, Doc. 15. Runnels's filings contained factual allegations supporting her contention that the statute of limitations for her Privacy Act claims did not begin to run until on or about May 2024 when Runnels "first obtained actual knowledge of the violations." Doc. 15 at 2 (claiming Runnels learned of some disclosures violative of the Privacy Act on May 15, 2024, and others on October 29, 2024); see also Doc. 12 at 9–10 (alleging facts that indicate the statute of limitations began to run on May 13, 2024); Doc. 13 at 11–12 (arguing that the original complaint's attached timeline contradicts the Secretary's statute of limitations argument).

This Court denied the Secretary's Partial Motion to Dismiss and Runnels's Motion to Appoint Counsel. Doc 16. In the order, this Court stated, "Runnels should have alleged more facts, including the 2024 disclosures, as the basis of her Privacy Act claim and should have sought to amend her complaint rather than filing four separate statements in opposition as a means of providing the basis for her Privacy Act claim." Doc. 16 at 4 (citing Fed. R. Civ. P. 15(a)(1)(B), (a)(2)). Apparently in response to that statement, Runnels filed a Motion for Leave to Amend Complaint, Doc. 17, and attached her Proposed Amended Complaint, Doc. 17-2.

Runnels titled the Proposed Amended Complaint "Plaintiff's Amendment to Complaint – Privacy Act Claims." Doc. 17-2 at 1. The "Statement" section of the Proposed Amended Complaint reads:

> 1. Plaintiff files this amendment to correct and supplement the Privacy Act claims asserted in the original complaint. All other claims, causes of action, and factual allegations set forth in the original complaint remain unchanged and are incorporated herein by reference as though fully set forth.
>
> 2. This amendment does not alter, waive, or affect any non-Privacy Act claims. The filing of this amendment is not intended to, and shall not be construed to, modify, narrow, or abandon any claim, allegation, or request for relief previously pleaded.

> 3. This amendment supersedes only the Privacy Act-related allegations previously pleaded in the original complaint. All Privacy Act allegations in the original complaint are replaced and supplanted by the allegations set forth in this amendment.

Id. ¶ 1–3. The "Factual Allegations (Privacy Act Claims)" section of the Proposed Amended Complaint recounts largely the same factual allegations from Runnels's four filings opposing the Secretary's Motion to Dismiss. See id. Factual Allegations (Privacy Act Claims) ¶ 1–10.

The Secretary opposes Runnels's Motion for Leave to Amend Complaint, arguing that she "failed to properly plead the instant motion." Doc. 19 at 3. Noting the difference between a supplemental pleading under Federal Rule of Civil Procedure 15(d) and an amended complaint under Rule 15(a), the Secretary argues that Runnels's Proposed Amended Complaint improperly seeks to add allegations only to her Privacy Act claim while attempting a "wholesale incorporation" of her original complaint. Id. at 1–3. The Secretary contends that, under Federal Rule of Civil Procedure 15(a), Runnels should have served an amended complaint that properly supersedes her original complaint. Id. at 2–3. The Secretary worries that Runnels's Proposed Amended Complaint would "breed confusion and uncertainty." Id. at 3.

## II. Discussion

Federal Rule of Civil Procedure 15 governs Amended and Supplemental Pleadings. Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Secretary is not wrong that Runnels seeks to use her Proposed Amended Complaint to augment—rather than wholly supersede—her original complaint. According to the Statement section, the Proposed Amended Complaint sets out factual allegations about Runnels's Privacy Act claims that Runnels intended to be considered along with her original complaint. Doc. 17-2 at Statement ¶ 1–3. Courts, however, "liberally construe pro se filings." Lamar v. Payne, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

Runnels's Proposed Amended Complaint is not a supplement under Rule 15(d) because it is not "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Runnels's Proposed Amended Complaint cannot be deemed to supersede the original complaint as it is plain that she attempts to augment her Privacy Act claim in the Proposed Amended Complaint but to maintain the Rehabilitation Act claim from her original complaint. But see In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("[A]n amended complaint supersedes an original complaint and renders the original complaint without legal effect." (citation omitted)). This Court thinks it best to grant Runnels's motion to amend complaint to the limited extent of allowing her to file the amended complaint. But this Court denies the motion to amend to the extent that the Secretary's Answer, Doc. 9, and Partial Motion to Dismiss, Doc. 10, is deemed to extend to the amended complaint. This Court does not share the Secretary's concern that the Proposed Amended Complaint will lead to confusion or uncertainty at this time. The new factual allegations come from the timeline Runnels attached to the original Complaint and Runnels's four filings in opposition to the Secretary's Motion to Dismiss. See Docs. 1-1, 12, 12-2, 13, 14, 15. The parties are sufficiently capable of understanding Runnels's Proposed Amended Complaint as accomplishing what it purports to do: incorporate her original complaint and add additional factual allegations concerning her Privacy Act claims. It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Complaint, Doc. 17, is granted in part and denied in part. Runnels has leave to file her proposed amended complaint and should do so within the next ten (10) days. The Secretary's prior Answer and Partial Motion to Dismiss, however, is deemed to extend to and apply to the amended complaint.

DATED this 22nd day of September, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE